UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

RODERICK FORD,  CASE NO. 22-10083-KKS
 CHAPTER 13
    Debtor.
_____/

<u>ORDER DENYING DEBTOR'S *MOTION TO VACATE ORDER TRANSFERRING CASE TO THE U.S. BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA* (ECF NO. 68)</u>

THIS MATTER is before the Court on Debtor's *Motion to Vacate Order Transferring Case to the U.S. Bankruptcy Court for the Middle District of Florida* ("Motion," ECF No. 68).[1] For the reasons that follow, the Motion is due to be denied.

<u>Legal Standard for the Motion</u>

Debtor styles his Motion as one filed under Fed. R. Bankr. P. 9024, which makes Fed. R. Civ. P. 60 applicable in bankruptcy cases. The provisions of Rule 60(b) relevant here are:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] Debtor asks this Court to vacate its *Order Transferring Case to the U.S. Bankruptcy Court for the Middle District of Florida* ("Transfer Order," ECF No. 66).

KKS with assistance of SK

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> . . .
>
> (4) the judgment is void;
>
> . . .
>
> (6) any other reason that justifies relief.[2]

The Motion also seeks to alter or amend, and reconsideration of, the Transfer Order, which constitutes relief under Fed. R. Civ. P. 59(e), applicable in bankruptcy cases by Fed. R. Bankr. P. 9023. Motions for reconsideration are not recognized by the Federal Rules of Civil Procedure but are generally considered under Rule 59.

In the Eleventh Circuit, "a party 'cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to entry of'" the ruling complained of (here, the Transfer Order).[3] A court in the Eleventh Circuit "may only grant a Rule 59(e) motion on the basis of newly discovered evidence or manifest errors of law or fact."[4] "Reconsideration of an order is usually justified by (i) an

---

[2] Fed. R. Civ. P. 60(b).
[3] *Wilson v. State Farm General Ins. Co.*, Case No. 21-11722, 2021 WL 4947322, *2 (11th Cir. Oct. 25, 2021), *petition for cert. filed*, ___ U.S. ___, (U.S. Aug. 23, 2022) (quoting *Michael Linet, Inc. v. Vill. Of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005)).
[4] *Wilson*, 2021 WL 4947322 at *2 (citing *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021)).

intervening change in controlling law; (ii) the availability of new evidence; or (ii) [*sic*] the need to correct clear error or manifest injustice."[5] To find clear error, there must be "more than mere disagreement with the earlier ruling; it must [be] show[n] that the Bankruptcy Court committed 'a direct, obvious, [or] observable error.'"[6] Whether to grant or deny a Rule 59(e) motion is discretionary.[7] A determination to grant or deny a Rule 59(e) motion may be upheld "on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the court."[8]

Whether viewed through the lens of Rule 60(b) or Rule 59(e), the Motion does not set forth sufficient grounds to alter, amend, vacate, or grant relief from the Transfer Order.

### Section I of the Motion

In Section I of the Motion, Debtor asserts that the undersigned violated judicial ethics by including certain language in the Transfer

---

[5] *Turk v. Crytzer*, Case No. 8:18-cv-2490-CEH-TGW, 2021 WL 5506781, *1 (M.D. Fla. Nov. 24, 2021) (citing *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)).
[6] *Woody Partners v. Boustead Securities, LLC (In re Onejet, Inc.)*, Case No. 18-24070-GLT, Adv. No. 19-2134-GLT, 2022 WL 4073439 (Bankr. W.D. Pa. Sept. 2, 2022) (citing *In re Energy Future Holdings Corp.,* 904 F.3d 298, 312 (3d Cir. 2018)).
[7] *Lockhard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998) (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).
[8] *Wilson*, 2021 WL 4947322 at *1 (citing *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012)).

Order related to whether Debtor returned to state court to resolve the domestic support issues he and FLDOR have been litigating about for several years. On this point Debtor is mistaken; he misconstrues the wording of the Transfer Order. In the Transfer Order, the Court stated not its own opinion as to whether Debtor had returned to state court. Rather, the Court quoted verbatim from an opinion of the Eleventh Circuit Court of Appeals emanating from Debtor's 2016 Case,[9] and paraphrased pleadings filed by FLDOR in this case.[10]

Debtor protests, at length, FLDOR's assertion that he did not return to state court. And it appears true: Debtor apparently did return to state court. The problem, and the material fact Debtor fails to mention, is that although Debtor filed a petition in state court seeking setoff and recoupment as to FLDOR, on June 16, 2022, ten (10) days after he filed

---

[9] ECF No. 66, pp. 2-3. Debtor's previous bankruptcy case was filed in the Bankruptcy Court for the Middle District of Florida, Case No. 8:16-bk-07504-RCT ("2016 Case").

[10] Debtor quarrels with the portion of the Transfer Order in which this Court states, with citation to the record, that "[a]ccording to FLDOR, Debtor has still not returned to state court to resolve the dispute about his domestic support obligation." *Id.* at p. 3 (citing to FLDOR's *Motion to Dismiss Debtor's Chapter 13 Case* (ECF No. 30)). Although FLDOR's allegations are somewhat confusing, the Court's paraphrase of FLDOR's allegation in its motion to dismiss is accurate. FLDOR correctly asserts that in 2017 the Bankruptcy Court for the Middle District of Florida held that Debtor must return to state court if he wishes to challenge the amount of his domestic support obligation. ECF No. 30, ¶ 5. FLDOR then alleges that Debtor "failed to return to state court to establish the amount of his arrears." *Id.* at ¶6. It is possible that the latter statement was meant to convey that Debtor did not return to state court to resolve the domestic support issues *before filing* the instant case.

this case, Debtor withdrew that petition.

The authentic state court docket, of which this Court has taken judicial notice, reflects pleadings filed through July 21, 2022.[11] That docket shows conclusively that the domestic support issues have not been *resolved* in state court.[12] So, although he returned to state court, Debtor has not done as he was ordered to do—*resolve* his dispute with FLDOR before he could confirm a Chapter 13 plan:

> The bankruptcy court correctly explained that, under this Court's precedent and given the parties' inability to agree, "[t]he bottom line is [that Ford] simply cannot confirm a chapter 13 plan until he resolves the dispute with FLDOR, and he cannot resolve his dispute with FLDOR until he returns to state court."[13]

In Section I of the Motion Debtor also asserts that he "kept the U.S. Bankruptcy Court updated on the litigation as it was occurring in the

---

[11] *Ford v. Fla. Dept of Revenue (In re Ford)*, *Order Granting Defendant Wesley Tibbals' Unopposed Motion For and Taking Judicial Notice*, Case No. 22-10083-KKS, Adv. No. 22-01003-KKS (Bankr. N.D. Fla. Aug. 15, 2022), ECF No. 90. An exhibit attached to Debtor's Motion purports to be the state court docket but appears to instead be a chart or table created by Debtor. That exhibit, partly entitled "Hillsborough County State Court Docket," is not an official docket at all. Further, the last entry on this table is dated June 1, 2022. This date was before Debtor withdrew his petition for setoff and recoupment; Debtor's table conveniently does not show his withdrawal of the petition. ECF No. 68-3, pp. 1-5.

[12] *Ford v. Fla. Dept of Revenue (In re Ford)*, *Defendant Wesley D. Tibbals' Unopposed Motion for Judicial Notice*, Case No. 22-10083-KKS, Adv. No. 22-01003-KKS (Bankr. N.D. Fla. July 28, 2022), ECF No. 57, Ex. 15. The official docket shows that every item Debtor filed in the state court after June 16, 2022, was related to this bankruptcy case.

[13] *Ford v. Waage (In re Ford)*, Case No. 20-13977, 2021 WL 4129376, *3 (11th Cir. Sept. 10, 2021).

state court."[14] This also appears to be true. But it is equally true that Debtor did so by filing documents with the Bankruptcy Court for the Middle District of Florida, not this Court.[15]

### Section II of the Motion

In Section II, Debtor struggles to explain away what he himself wrote earlier in this case:

> The Debtor believes that Judge Robert [sic] Colton, U.S. Bankruptcy Court, Middle District of Florida (Tampa Division) is in the very best position to adjudge the complex legal matters in this case, because she presided over the [Debtor's 2016] case since 2017 up through 2021. The Debtor holds Judge Colton in very high regards.
>
> WHEREFORE, *the Debtor does not object to a transfer of venue to the Tampa District* [sic].[16]

In addition, a few days before filing this case Debtor wrote a letter addressed to the U.S. Trustee and others. In that letter, Debtor stated his intent to change venue "back to the Tampa District [sic] . . . ."[17]

---

[14] ECF No. 68, ¶3.
[15] *See* ECF No. 68, ¶ 2 nn.2-6 ("[T]he court docket in the case of *In re Roderick O. Ford,* 8:16-bk-7504, belies this Court's contention that the Debtor . . . has not returned to state court.") (Emphasis in original).
[16] *Response to Order to Show Cause*, ECF No. 44, p. 2. (Emphasis added). In this Motion, Debtor relates information contained in correspondence he received from the Office of the United States Trustee for the Middle District of Florida. ECF No. 68, p. 6, Ex. 4. Nothing in that correspondence definitively addresses any issue that was, or is, before this Court, including the propriety of the Transfer Order. In fact, that correspondence, sent on June 2, 2022, pre-dates both the filing of the instant case and the Transfer Order. *Id.* at Ex. 4.
[17] ECF 44, p. 5 (emphasis in original). In the same letter, Debtor sought advice from the U.S. Trustee on whether there might be a better alternative to ensure that his case ended up in

6

Debtor's initial lack of objection to, and desire for, the transfer of this case to the Bankruptcy Court for the Middle District of Florida constitutes a waiver of his objections to the Transfer Order.

Despite his initial goal of pursuing this case in the Middle District of Florida, Debtor mysteriously now wants this case to stay in this Court. Debtor's explanation for his apparent change of heart is that he was mistaken about what statute governs venue. But this explanation cannot carry the day. As the Eleventh Circuit Court wrote about this Debtor: "This Court usually follows an 'established rule of liberal construction for *pro se* pleadings.' Because Ford is a 'veteran bankruptcy attorney' who is 'familiar with the federal bankruptcy rules, the federal bankruptcy code, and local practice in the Middle District of Florida,' however, we accord him no such advantage."[18]

Debtor's reliance on his alleged mistake of law will not prevail. Debtor's change of heart does not render the Transfer Order erroneous.

---

Tampa: "[I]f there is a faster route, such as a motion to reopen the [2016 Case], then please advise me as which [*sic*] step the Trustee's Office would prefer." *Id.* (Emphasis in original).
[18] *Ford*, 2021 WL 4129376 at *2 (affirming rulings of the Bankruptcy Court for the Middle District of Florida 1) refusing to vacate dismissal of the 2016 Case, and 2) denying Debtor's motion for reconsideration of that ruling (citations omitted)).

7

## Section III of the Motion

In Section III of the Motion, Debtor declares that the following language is a misstatement of the record: "FLDOR maintains that Debtor's domestic support obligations [*sic*] is in excess of $130,000.00. Debtor listed the same domestic support obligation at $0.00 in the schedules . . . ."[19] Once again, Debtor is wrong. FLDOR did, in fact, make that allegation in its motion to dismiss.[20] Debtor did, in fact, list his domestic support obligation in his Schedules as $0.00.[21] FLDOR's allegation about Debtor's accumulated domestic support obligation may be unclear in light of the proof of claim FLDOR filed in this case,[22] but that is an issue for another day.

## Venue

Debtor urges that the Transfer Order "seemingly prejudges and deprecates the Debtor's right to defend himself against creditor abuse, fraud, and official state discrimination in violation of 42 U.S.C. § 1983."[23]

---

[19] ECF No. 68, p. 9.
[20] "Prior to filing this case, debtor has accumulated a domestic support obligation in excess of $130,000.00." ECF No. 30, ¶ 3.
[21] *Schedule E/F: Creditors Who Have Unsecured Claims*, ECF No. 1, pp. 18, 23.
[22] Despite its allegation that Debtor had accumulated a domestic support obligation in excess of $130,000.00, FLDOR's Proof of Claim filed in this case lists the total of Debtor's domestic support obligation as $2,702.95. Proof of Claim 1-1.
[23] ECF No. 68, p. 9.

Debtor has filed an adversary proceeding in which he seeks to pursue those very § 1983 claims.[24] But the Transfer Order does not deprive Debtor of his opportunity to continue with the adversary proceeding. It simply transfers that adversary proceeding, along with this case, to the proper venue.

"Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b)."[25] Venue for § 1983 actions not founded on diversity is proper in the district where any defendant resides (if all defendants reside in the same state), where "a substantial part of the events or omissions giving rise to the claim occurred," or where any defendant may be found.[26] The proper venue for cases involving § 1983 actions was set forth in a ruling by the District Court for the Northern District of Florida as follows:

> 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision

---

[24] *Ford v. Fla. Dept of Revenue (In re Ford)*, *Adversary Proceeding Cover Sheet*, Case No. 22-10083-KKS, Adv. No. 22-01003-KKS (Bankr. N.D. Fla. June 7, 2022), ECF No. 1. Although the title of the first amended complaint Debtor filed in this adversary proceeding indicates that the relief requested is declaratory and injunctive relief, Debtor alleges in that complaint that "[f]undamentally, all of the legal questions involved in this case arises [*sic*] under 42 U.S.C. § 1983 ('Civil Action for Deprivation of Rights' [*sic*]) . . . ." *Ford v. Fla. Dept of Revenue (In re Ford)*, *First Amended Adversary Complaint for Declaratory Judgment and Prospective Injunctive Relief*, Case No. 22-10083-KKS, Adv. No. 22-01003-KKS (Bankr. N.D. Fla. Aug. 10, 2022), ECF No. 73, ¶2.
[25] *Green v. Roberts*, Case No. 3:08cv362/RV/EMT, 2008 WL 4559731, *1 (N.D. Fla. Oct. 10, 2008).
[26] 28 U.S.C. § 1391(b).

9

to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion."[27]

Here, all defendants Debtor names in his adversary proceeding are located in the Middle District of Florida, other than FLDOR, which is headquartered in Tallahassee.[28] But FLDOR has offices in the Middle District.[29] All, or a substantial part of the events or omissions giving rise to Debtor's claims against the named defendants occurred in the Middle District of Florida, where the state court case remains pending.

Under 28 U.S.C. § 1412, a bankruptcy court may transfer a case to another district if transfer is in the interest of justice.[30] Bankruptcy Rule 1014(a)(1), provides:

> **Cases Filed in Proper District.** If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other

---

[27] *Green*, 2008 WL 4559731 at *1 (citing *Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir.1982)); *see also Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

[28] In his Complaint, Debtor alleges that Defendant Braxton is in Brandon, Florida, Defendant Pittman's office is in Tampa, Florida, and Defendant, Hon. Wesley D. Tibbals, presides over the state court case in Tampa, Florida. *Ford v. Fla. Dept of Revenue (In re Ford)*, First Amended Adversary Complaint for Declaratory Judgment and Prospective Injunctive Relief, Case No. 22-10083-KKS, Adv. No. 22-01003-KKS (Bankr. N.D. Fla. Aug. 10, 2022), ECF No. 73, p. 3.

[29] *Taxpayer Service Centers*, Florida Department of Revenue, https://floridarevenue.com/taxes/Pages/servicecenters.aspx (last visited September 9, 2022).

[30] *In re Langston*, 291 B.R. 872, 875 (Bankr. N.D. Ala. 2003).

district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.[31]

The applicable statutes and rule of procedure, together with Debtor's lack of objection to transferring this case, demonstrate that the Court's decision to transfer this case to the Bankruptcy Court for the Middle District of Florida was, and remains, correct.

### Debtor's Claim of Bias toward FLDOR

Debtor claims that the Transfer Order shows that the undersigned is biased in favor of FLDOR.[32] Debtor made a virtually identical accusation against Bankruptcy Judge Catherine Peek McEwen in his 2016 Case when he sought Judge McEwen's recusal.[33] Judge McEwen addressed Debtor's allegation of bias adroitly. Although here the issue is not recusal, Judge McEwen's language is appropriate. To paraphrase, with respect to assertions that this Court is biased in favor of FLDOR and against Debtor, Debtor's burden is to prove bias by "compelling

---

[31] Fed. R. Bankr. P. 1014(a)(1).

[32] During his appeal to the District Court for the Middle District of Florida, Debtor also moved to recuse the district court judge, alleging she was biased against him. *Ford v. Wage (In re Ford), Motion to Recuse U.S. District Court Judge Mary S. Scriven Pursuant to 28 U.S.C. § 455(b)(1)*, Case No. 8:19-cv-02724-MSS (M.D. Fla. Aug. 22, 2020), ECF No. 19.

[33] *In re Ford, Debtor's Motion to Recuse Judge Catherine Peek McEwen Pursuant to 28 U.S.C. § 455(b)(1)*, Case No. 8:16-bk-07504-RCT (Bankr. M.D. Fla. Oct. 16, 2017), ECF No. 100. Debtor's accusation of bias by Judge McEwen involved FLDOR and the very domestic support issues that remain alive today.

11

evidence."[34] Adverse rulings alone do not provide grounds for disqualification, nor do they demonstrate bias.[35]

In the instant action, Debtor has never appeared before the undersigned, either in person or virtually. Debtor's only interaction with the Court in this case has been in the form of pleadings. Other than its Transfer Order, the Court has not directly addressed anything in this case pertaining to Debtor. In short, the Court has had no opportunity to develop, much less demonstrate, bias toward or against anyone in this case.

Although here, Debtor does not seek the undersigned's disqualification or recusal, the fundamental question is the same: does Debtor's allegation of bias against him and in favor of FLDOR suggest that the undersigned should not hear his case? In an abundance of caution, the answer is "yes."

## CONCLUSION

The ruling in the Transfer Order is based on facts. That a litigant,

---

[34] *In re Ford, Amended Order on Debtor's Motion for Judge to Recuse Herself*, Case No. 8:16-bk-07504-RCT (Bankr. M.D. Fla. Feb. 12, 2018), ECF. No. 131 (citing *Brokaw v. Mercer County*, 235 F. 3d 1000, 1025 (7th Cir. 2000) (compelling evidence required; a reasonable person would not be convinced of bias based solely on adverse rulings that do not demonstrate animosity or malice)).

[35] *Id. See also U.S. ex rel., Kaimowitz v. Ansley*, 250 F. App'x 912, 914 (11th Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

like Debtor in this case, does not like the facts does not make them any less true. The facts, including the long and tortured history of Debtor's battle with FLDOR and others, and the applicable law, support the Transfer Order. Those elements, combined with Debtor's obvious disdain for this Court, virtually mandate transferring this case to the Middle District of Florida.

For the reasons stated, it is

ORDERED:

1. The *Motion to Vacate Order Transferring Case to the U.S. Bankruptcy Court for the Middle District of Florida* (ECF No. 68) is DENIED.

2. The hearing on the Motion, currently scheduled for October 6, 2022, is CANCELED.

DONE and ORDERED  September 13, 2022 .

                                              KAREN K. SPECIE
                                              Chief U.S. Bankruptcy Judge

cc: All parties in interest including:
Roderick Ford
5745 SW 75th Street Box 149
#149
Gainesville, FL 32608